OPINION OF THE COURT
Debra A. James, J.
On November 26, 1997, this court granted respondents’ application for an adjournment of the trial of this summary holdover proceeding on commercial premises to December 18, 1998, upon request of petitioner’s attorney pursuant to RPAPL 745 (2) (a), conditioned upon respondents paying use and oc *959 cupancy in the amount of $4,041.12 directly to petitioner. Such amount represented use and occupancy for the period November 4, 1997, the date of service of the notice of petition and petition and December 18, 1997, the adjourn date. The proceeding had previously been adjourned from November 13, 1997.
Now petitioner moves pursuant to RPAPL 745 (2) (c) (i) and (iii) for judgment in its favor, asserting that respondents failed to comply with the court’s direction with respect to payment of use and occupancy. Respondents counter that they tendered payment of use of occupancy within five days of the court’s order, pursuant to RPAPL 745 (2) (a).
On December 22, 1997, the court held a hearing to determine whether respondents timely complied with its order.
Under RPAPL 745 (2) (a), the payment of use and occupancy was due five days from November 26, 1997, which was Friday, December 1, 1997.
The court finds the testimony of the only witness Mark Schlossberg, a principal of petitioner, credible. Petitioner thereby proved its prima facie case that respondents mailed payment, at the earliest, on December 4, 1997, three days after December 1, 1997. The photocopy of the check dated December 1, 1997 does not rebut such finding and the return receipt postmark of November 4, 1997 was obviously an error made by the window clerk of the Post Office. Respondents did not mail payment three weeks prior to the court’s order.
Accordingly, the court grants petitioner’s application and respondents’ defenses and counterclaims are dismissed without prejudice and the clerk shall enter a judgment of possession and for use and occupancy in the amount of $4,959.42 for use and occupancy against respondents and in favor of petitioner. The proceeding is restored to Trial Calendar Part 52, Room 1166, on February 4, 1998 for a hearing on reasonable attorneys’ fees, if any, against respondents. Issuance of the warrant shall be stayed five days from the date hereof. Respondents’ cross motion for discovery is denied as moot.